IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS,<br><br>   Plaintiffs,<br>vs.<br><br>PLUMBING PROFESSIONALS CO.,<br>an Illinois corporation,<br><br>   Defendant. | No. 25-cv-4148 |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS, by their attorney, PAUL M. EGAN and ARNOLD AND KADJAN, LLP, complain against Defendant, PLUMBING PROFESSIONALS CO., an Illinois corporation, as follows:

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

**PARTIES**

2. (a) The Plaintiffs in this count are TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The Pension Fund, Welfare Fund and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union.

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

3. (a) PLUMBING PROFESSIONALS CO., an Illinois corporation (hereafter "PLUMBING PROFESSIONALS"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) PLUMBING PROFESSIONALS has its principal place of business in Illinois.

(c) PLUMBING PROFESSIONALS is an employer engaged in an industry affecting commerce.

4. Since on or about February 6, 2002, Defendant, PLUMBING PROFESSIONALS, executed a LETTER OF ASSENT, a copy of which is attached hereto, which authorized the Will

2

County Division, Illinois Chapter of the National Electrical Contractors Association, Inc. (hereafter "NECA") as PLUMBING PROFESSIONALS' collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5. Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant, PLUMBING PROFESSIONALS.

6. By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

7. In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees.

8. Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C.§1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9. Since on or about February 6, 2002, Defendant, PLUMBING PROFESSIONALS, has admitted, acknowledged and ratified the collective bargaining agreements entered into between

NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10. Plaintiffs are advised and believe that since on or about January 1, 2018, Defendant, PLUMBING PROFESSIONALS, has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

11. Plaintiffs have made a demand for an audit to be performed on Defendant, PLUMBING PROFESSIONALS' complete books and records for the period from January 1, 2018 forward, but Defendant has failed and refused to produce all the required records.

12. By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in an amount yet to be determined.

WHEREFORE, Plaintiffs pray:

A. Defendants be ordered to allow an audit of their books and records for the period from January 1, 2018 through the present.

B. That judgment be entered for Plaintiffs and against Defendant, PLUMBING PROFESSIONALS, in the amount shown to be due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

C. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

   (2)  A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

   (3)  Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

   (4)  Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

   (5)  Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

  D. That pending final determination of this cause, Defendant, PLUMBING PROFESSIONALS, be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant, PLUMBING PROFESSIONALS, be permanently so enjoined.

  E. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

            Respectfully submitted,

            TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS


            By: s/ Paul M. Egan
              One of their Attorneys

Paul M. Egan
Arnold and Kadjan, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415